STATE of Missouri, Respondent,

v.

Deandra Mekel BUCHANAN,
Appellant.

No. SC 84515.

Supreme Court of Missouri,
En Banc.

Sept. 30, 2003.

Gary E. Brotherton, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for Respondent.

PER CURIAM.

Deandra Buchanan lived in a house with his stepfather, aunt and girlfriend-the mother of his two children. On November 7, 2000, he and his stepfather, aunt, girlfriend and others celebrated the fact that the aunt had obtained an apartment to which she would soon move. At some point during the celebration, Buchanan concluded that others were trying to kill him or put him in jail. He threatened those present at the celebration and eventually shot to death his stepfather, aunt and girlfriend and wounded a person who had offered him a ride after the shootings.

At the conclusion of the guilt phase of the trial, the jury found Buchanan guilty of three counts of first degree murder, section 565.020, and one count of first degree assault, section 565.050.[1] In the penalty phase of the trial, the jury was unable to agree on the punishment for the murders and made no findings as to the issues specified by section 565.030.4.[2] The court

---

1. All statutory references are to RSMo 2000.

2. Section 565.030.4. states:
 If the trier at the first stage of a trial where the death penalty was not waived finds the defendant guilty of murder in the first degree, a second stage of the trial shall proceed at which the only issue shall be the punishment to be assessed and declared. Evidence in aggravation and mitigation of punishment, including but not limited to evidence supporting any of the aggravating or mitigating circum-

stances listed in subsection 2 or 3 of section 565.032, may be presented subject to the rules of evidence at criminal trials. Such evidence may include, within the discretion of the court, evidence concerning the murder victim and the impact of the crime upon the family of the victim and others. Rebuttal and surrebuttal evidence may be presented. The state shall be the first to proceed. If the trier is a jury it shall be instructed on the law. The attorneys may then argue the issue of punishment to the jury, and the state shall have the

sentenced Buchanan to death for each of the murders and to life imprisonment for the assault.

 Buchanan raises no claim of error as to the assault conviction and has withdrawn all claims of error as to the determination of guilt on each count. Buchanan challenges the judge's imposition of the death penalty as to each murder conviction, however. He correctly claims that a jury rather than a judge is required to determine each fact on which the legislature conditioned an increase in the maximum punishment, so that the judge was not authorized to impose the death penalty once the jury was unable to agree on punishment. *State v. Whitfield,* 107 S.W.3d 253 (Mo. banc 2003).

Pursuant to section 565.035.5(2), the sentence of death for each count of murder, first degree, is set aside, and Buchanan is sentenced on each such count to life imprisonment without eligibility for probation, parole, or release except by the governor. In all other respects, the judgment is affirmed.

WHITE, C.J., WOLFF, STITH and TEITELMAN, JJ., concur.

BENTON, PRICE and LIMBAUGH, JJ., concur in joint separate opinion filed.

### JOINT CONCURRING OPINION

The opinion of this Court in *State v. Whitfield,* 107 S.W.3d 253 (Mo. banc 2003),

is now a final judgment. Although we dissented from that opinion, we must follow the decisions of this Court, even if we disagree, or even if the decision appears to be in error. See *State ex rel. Simmons v. Roper,* 112 S.W.3d 397 (Mo. banc 2003) (Price, J., dissenting); Article VI, U.S. Constitution; Article V, sec. 2, Mo. Constitution.

right to open and close the argument. The trier shall assess and declare the punishment at life imprisonment without eligibility for probation, parole, or release except by act of the governor:

(1) If the trier finds by a preponderance of the evidence that the defendant is mentally retarded; or

(2) If the trier does not find beyond a reasonable doubt at least one of the statutory aggravating circumstances set out in subsection 2 of section 565.032; or

(3) If the trier concludes that there is evidence in mitigation of punishment, including but not limited to evidence supporting the statutory mitigating circumstances listed in subsection 3 of section 565.032, which is sufficient to outweigh the evidence in aggravation of punishment found by the trier; or

(4) If the trier decides under all of the circumstances not to assess and declare the punishment at death. If the trier is a jury it shall be so instructed.